# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CHRISTINE BOWEN,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:24-cv-01367-SAB<br><br>ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY<br><br>(ECF No. 15) |

Plaintiff Michelle Christine Bowen ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits pursuant to the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.

Plaintiff requests the decision of Commissioner be vacated and the case be remanded for further proceedings, arguing that the decision below was not supported by substantial evidence. Specifically, Plaintiff argues that the Administrative Law Judge ("ALJ") erred in its analysis of the residual functional capacity ("RFC") and failed to offer clear and convincing reasons for discounting her subjective complaints.

For the reasons explained herein, the Court will affirm the decision of the Commissioner.

/ / /

/ / /

1

**I.**

**BACKGROUND**

**A.    Procedural History**

On September 24, 2021, Plaintiff protectively filed an application for supplemental security income, alleging disability beginning April 13, 2014.  (ECF No. 12, Administrative Record ("AR"), 17.)  Plaintiff's application was initially denied on January 18, 2022, and denied upon reconsideration on April 7, 2022.  (AR 17.)  Plaintiff requested a hearing before an ALJ.  On February 7, 2024, Plaintiff, represented by counsel, appeared for a hearing in front of an ALJ.  (Id.)  Plaintiff and vocation expert ("VE") Jack Patton testified.  (Id.)  On February 21, 2024, the ALJ issued a decision concluding that Plaintiff was not disabled.  (AR 29.)  On October 21, 2024, the Appeals Council denied Plaintiff's request for review.  (AR 1-6.)

**B.    The ALJ's Findings of Fact and Conclusions of Law**

In the decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 18, 2021, the application date.  (AR. 19.)  The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, sjogren's disease, chronic pain syndrome, obesity, borderline personality disorder, major depressive disorder, and generalized anxiety disorder.  (Id.)  However, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed in impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AR 20.)

After considering the entire record, the ALJ found that Plaintiff had the RFC to perform a light work as defined by the regulation except:

> She can lift and carry twenty pounds occasionally, ten pounds frequently. She can stand and walk for six hours and can sit for six hours. She can frequently balance and stoop. She can occasionally climb stairs and ramps, kneels, crouch, and crawl. She cannot climb ladders, ropes, or scaffolds. She can understand, remember, and carry out simple instructions. She can occasionally interact with supervisors and coworkers but cannot interact with the public or perform work requiring teamwork. She can sustain concentration and persistence for two hours at a time. She cannot perform fast paced assembly line work. She can deal with occasional changes in a routine work setting.

(AR 22.)  The ALJ then found that that Plaintiff had no past relevant work but could perform other

2

work in the national economy such as garment sorter, mail clerk, marker, router, and classifier. (AR 28-29.)

The ALJ discussed that transferability of job skills was not material to the determination of disability because Plaintiff did not have past relevant work. (AR 28.) Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Id.) Accordingly, the ALJ concluded that Plaintiff had not been under disability, as defined by the Social Security Act, from September 18, 2021, through the date of the decision, February 21, 2024. (AR 29.)

Plaintiff sought timely review of the Commissioner's decision in the federal courts. (ECF No. 1.) The parties consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 7-9.) Thereafter, the parties filed their briefs on the matter.[1]

## II.

## LEGAL STANDARD

### A. The Disability Standard

To qualify for disability insurance benefits under the Social Security Act, a claimant must show she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations set out a five-step sequential evaluation process to be used in determining whether a claimant is disabled. 20 C.F.R. § 404.1520; Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1194 (9th Cir. 2004). The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

---

[1] On December 1, 2022, the Supplemental Rules for Social Security became effective. Rule 5 states, "[t]he action is presented for decision by the parties' briefs." Fed. R. Civ. P. Appx. Rule 5. The 2022 Advisory Committee noted that "Rule 5 states the procedure for presenting for decision on the merits a [42 U.S.C.] § 405(g) review action that is governed by the Supplemental Rules." Fed. R. Civ. P. Appx. Rule 5 advisory committee note 2022. Like an appeal, "the briefs present the action for decision on the merits. This procedure displaces summary judgment or such devices as a joint statement of facts as the means of review on the administrative record." Id. The 2022 Advisory Committee unambiguously clarified that "Rule 5 also displaces local rules or practices that are inconsistent with the simplified procedure established by these Supplemental Rules for treating the action as one for review on the administrative record." Id. Here, Plaintiff filed a motion for summary judgment, which the Court will construe as a brief in support of her position on whether the Court should affirm, modify, or reverse the decision of the Commissioner. 42 U.S.C. § 405(g).

Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.

Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006). The burden of proof is on the claimant at steps one through four. Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020). A claimant establishes a *prima facie* case of qualifying disability once she has carried the burden of proof from step one through step four.

Before making the step four determination, the ALJ first must determine the claimant's RFC. 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e); 416.945(a)(2); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).[2] "[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001); 20 C.F.R. §§ 404.1545(a)(1), 404.1546(c).

At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g); Lounsbury v. Barnhart, 468 F.3d

---

[2] SSRs are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). While SSRs do not have the force of law, the Court gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989); see also Avenetti v. Barnhart, 456 F.3d 1122, 1124 (9th Cir. 2006).

1111, 1114 (9th Cir. 2006). To do this, the ALJ can use either the Medical Vocational Guidelines ("grids") or rely upon the testimony of a VE. See 20 C.F.R. § 404 Subpart P, Appendix 2; Lounsburry, 468 F.3d at 1114; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). "Throughout the five-step evaluation, the ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" Ford, 950 F.3d at 1149 (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

### B.    Standard of Review

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In determining whether to affirm, modify, or reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision. See Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Further, the Court's review of the Commissioner's decision is a limited one; the Court may not disturb the Commissioner's final decision unless it is based on legal error or the findings of fact are not supported by substantial evidence. 42 U.S.C. § 405(g); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "[T]he threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 587 U.S. 97, 103 (2019). Rather, "[s]ubstantial evidence is more than a mere scintilla, and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Stiffler v. O'Malley, 102 F.4th 1102, 1106 (9th Cir. 2024) (quoting Ford, 950 F.3d at 1154). In other words, "[s]ubstantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

Should the ALJ err, the Court will not reverse where the error was harmless. Stout, 454 F.3d at 1055-56. "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" Leach v. Kijakazi, 70 F.4th 1251, 1255 (9th Cir. 2023) (quoting Lambert v. Saul, 980 F.3d 1266, 1278 (9th Cir. 2020)). The burden of showing that an error is not harmless "normally falls upon the party attacking the agency's determination." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009)).

Finally, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence."  Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). Nor may the Court affirm the ALJ on a ground upon which he or she did not rely; rather, the Court may review only the reasons stated by the ALJ in their decision.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).  It is not this Court's function to second guess the ALJ's conclusions and substitute the Court's judgment for the ALJ's; rather, if the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  Ford, 950 F.3d at 1154 (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)).

## III.

## DISCUSSION AND ANALYSIS

Plaintiff argues that the ALJ erred in two ways.  First, Plaintiff argues that the ALJ's RFC determination is unsupported by substantial evidence as she failed to explain the discrepancy between the opinion evidence she found partially persuasive and the RFC in accordance with the regulations.  (ECF No. 15, pp. 4-10.)  Second, Plaintiff contends that the ALJ erred by failing to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations, and failed to offer any reason for rejecting Plaintiff's subjective complaints.  (Id. at pp. 10-14.)   The Commissioner opposes, arguing that substantial evidence supports the ALJ's decision. (ECF No. 19, p. 10.)  The Court agrees with the Commissioner.

### A.      The ALJ's Assessment of Opinion Evidence

Plaintiff emphasizes that the state agency consultants opined, in relevant part, that Plaintiff was capable of performing simple one or two step job instructions. (ECF No. 15, p. 6) (citing AR 97.)  However, Plaintiff contends that the ALJ did not provide a sufficient rationale for declining to include the limitations opined by the state-agency consultants, although they were found to be partially persuasive, and did not explain the process by which she arrived at the RFC.  (Id.)

When an ALJ calculates a claimant's RFC, the ALJ is tasked with determining "the individual's maximum remaining ability to do sustained work activities in an ordinary work setting

on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis." SSR 96-8p, 1996 WL 374184, at *2. In other words, the "RFC does not represent the least an individual can do despite his or her limitations or restrictions, but the *most*." Id. (emphasis in original). An ALJ assesses an RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). This includes "any statements . . . provided by medical sources, whether or not they are based on formal medical examinations," as well as reviewing any "consultative examination(s)" and, where applicable, persuasive prior administrative medical findings ("PAMFs"). Id.

Under the Social Security Administration's 2017 revised regulations, "there is not an inherent persuasiveness to evidence from [government consultants] over [a claimant's] own medical source(s), and vice versa." Woods v. Kijakazi, 32 F.4th 785, 791 (9th Cir. 2022) (quoting Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844, 2017 WL 168819 (F.R. Jan. 18, 2017)). "The most important factors" that the agency considers when evaluating the persuasiveness of medical opinions are "supportability" and "consistency." Id., quoting 20 C.F.R. § 404.1520c(a). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." 20 C.F.R. § 404.1520c(c)(1); see also 20 C.F.R. § 416.920c(c)(1). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2); see also 20 C.F.R. § 416.920c(c)(2).

In the decision below, the ALJ found the opinions of state agency psychological reviewers J. Joynson, PhD and Matthew Turner, PhD, and consultative examiner Kellie Sulier, Psy.D., to not be fully persuasive. (AR 26.) As relevant here, on January 1, 2022, Dr. Joynson, on an initial review, concluded that Plaintiff was moderately limited in all four broad domains of mental functioning and able to perform simple repetitive tasks with lower public contact. (AR 69.) Dr. Joynson further found that Plaintiff was capable of performing simple repetitive tasks, following simple one-to-two-step tasks, maintaining a regular schedule, adapting to workplace changes for routine normal workplace settings involving simple repetitive tasks, and interacting adequately

with supervisors and coworkers but would be better suited for limited public contact to reduce interpersonal stress. (AR 78.) On April 5, 2022, Dr. Turner, upon reconsideration, made similar findings. (AR 92, 100.) Dr. Sulier examined Plaintiff on November 20, 2021, and opined that Plaintiff had moderate limitations, and moderate to marked limitations interacting with coworkers and dealing with stress. (AR 522, 523.)

Though the ALJ found the opinions to be partially persuasive because they were partially consistent with the available record, the ALJ noted that Plaintiff's "symptoms generally remained stable with medication, she was frequently calm or cooperative with normal speech and appearance, and she had no suicidal thoughts, overt delusions, or signs of psychosis. She also reported her relationship had improved with increased communication and decreased arguments." (AR 26-27.) Plaintiff contends that the ALJ's only explanation for omitting the opined limitations was her stability on medications. (ECF No. 15, p. 5.) However, the ALJ's decision identifies multiple reasons undermining the persuasiveness of the opinions. Moreover, the fact that a condition is effectively managed with medication is a valid basis for discrediting an opinion. See e.g., Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("[i]mpairments that can be controlled effectively with medication are not disabling for the purposes of determining eligibility for SSI benefits.").

With respect to the RFC, both Dr. Joynson and Dr. Turner opined that Plaintiff could perform both simple and one-to-two step tasks. (AR 69, 78.) Several courts have affirmed that "[w]here a State agency consultant finds that a claimant can perform both simple work, and one-to-two-step tasks, an RFC for simple work accounts for the limitations contained in the consultant's findings because the most a claimant can do based on such a PAMF would be simple work." Tover v. Comm'r of Soc. Sec., 2024 WL 457535, at *7 (E.D. Cal. Feb. 6, 2024) (collecting cases). Significantly, the Ninth Circuit has stated that where there is a state agency doctor who opines that a claimant can perform both simple instructions and one-to-two-step tasks and where the ALJ subsequently adopts the simple instructions into the RFC, the ALJ has, in reality, resolved a conflict in the testimony. Dunn v. O'Malley, 2024 WL 3439583, at *2 (9th Cir. July 17, 2024). The Ninth Circuit explained that "[b]ecause the doctors opined that [plaintiff] could perform *both*

kinds of tasks, the ALJ's decision to adopt the broader limitation was reasonable." Id. Thus, the Court finds that the ALJ's conclusion that Plaintiff could perform simple work was likewise reasonable. See 20 C.F.R. §§ 404.1545(a), 416.945(a). Therefore, "the ALJ's conclusion must be upheld." Woods, 32 F.4th at 788.

Finally, there is no reversible error at step five. Plaintiff takes issue with the VE identifying occupations at Reasoning Level 2, to which the ALJ relied upon. (ECF No. 15, p. 9-10.) However, the Ninth Circuit has held that simple work is consistent with positions requiring Reasoning Level 2. Davis v. Saul, 846 Fed. Appx. 464, 466 (9th Cir. 2021); see also Lara v. Ashtrue, 305 Fed. Appx. 324, 326 (9th Cir. 2008) (finding "someone able to perform simple, repetitive tasks is capable of doing work requiring more rigor and sophistication- in other words, Reasoning Level 2 jobs"). The Court finds no error at step five.

Accordingly, the ALJ did not err.[3]

**B.    Plaintiff's Subjective Complaints**

Plaintiff's second claim of error is that the ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations, and failed to offer any reason for rejecting Plaintiff's subjective complaints. The Court finds this argument unavailing.

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). As relevant here, where the ALJ "determines that a claimant . . . is not malingering and has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms she alleges, the ALJ may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons for doing so." Lambert, 980 F.3d at 1277 (quoting Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015)).

---

[3] The Court further finds that, even if the ALJ erred, Plaintiff has not articulated how such an error would have not been harmless. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determinations." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (quotation and citation omitted). The burden of showing that an error is not harmless "normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009). Because Plaintiff has not met her burden of demonstrating how any error would be harmful, the Court concludes that even if there were an error, it would have been harmless.

"Ultimately, the 'clear and convincing' standard requires an ALJ to show his work." Smartt v. Kijakazi, 53 F.4th 489, 499 (9th Cir. 2022). An ALJ must show their work by "identify[ing] the testimony [from a claimant] she or he finds not to be credible and . . . explain[ing] what evidence undermines that testimony." Lambert, 980 F.3d at 1277 (quoting Treichler v. Comm. of Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014)). Boilerplate statements and general summaries of the evidence, without more, are not enough. Id. at 1277-78. That said, an ALJ is not required "to perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." Id. at 1277.

While "an ALJ cannot insist on clear medical evidence to support each part of a claimant's subjective pain testimony when there is no objective testimony evincing otherwise, . . . [w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." Smartt, 53 F.4th at 498 (emphasis in original). Indeed, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008). "The standard isn't whether [a] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." Smartt, 53 F4th at 499.

In formulating the RFC, the ALJ summarized Plaintiff's subjective complaint as follows:

> The claimant alleges that she has worsening degenerative disc disorder, borderline personality disorder, chronic depression, severe anxiety, Sjogren's syndrome, attention deficit disorder, possibly diabetes, severe unexplained hair loss, severe acne, morbid obesity, and pain in her calves, feet, and hips and that these conditions prevent her from returning to work. (Testimony; Exs. 2E/2; 3E/8; 5E/2). She asserts these conditions make it difficult for her to lift, walk, climb stairs, squat, sit, bend, kneel, stand, and talk and impair her memory, concentration, understanding, ability to follow instructions, ability to complete tasks, ability to get along with others, and ability to handle stress and changes in routine. Additionally, the claimant reports having difficulty attending to her personal needs and grooming, preparing meals, performing household chores, shopping, and managing her own finances. (Testimony; Ex. 3E/1-8). Further, the functional limitations alleged by Tracy Warn, the claimant's mother, are generally consistent with those alleged by the claimant and have been considered in the rendering of this decision. (Exs. 4E, 16E).

(AR 23.)    While the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, she discounted Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms for they were not "entirely consistent with the medical evidence and other evidence in the record." (AR 23-24.)  The ALJ notes:

> Although she alleges that her conditions impair her memory and concentration, the claimant prepares simple meals, shops in stores and by phone, pays bills, counts change, watches television, makes jewelry, and paints.  Additionally, despite stating that she has difficulty getting along with others, the claimant lives with others, has a fiancé, shops in stores, socializes with others in person and on the phone, and attends appointments.  Further, the claimant states that she has difficulty handling stress and changes in routine and attending to her personal needs and grooming but she attends to her personal needs and grooming without assistance, cares for her daughter, and performs activities of daily living such as vacuuming, cleaning the bathroom and kitchen, and doing the dishes.

(Id.)   The ALJ then summarized the medical evidence and concluded that Plaintiff's conditions were not as severe as Plaintiff alleged:

> The claimant was morbidly obese, she had chronic musculoskeletal pain, and medical imaging revealed lumbar degenerative disc disease but she had a normal gait with no noted difficulty moving about and no other significant physical abnormalities. Additionally, despite the chronic nature of her impairments, the claimant did not receive treatment from any rheumatologists or pain management providers during the relevant period. (e.g. Exs. 3F/56-59; 7F/1-4, 8-9, 16-19, 31-33; 9F/45-46; 11F/1-2; 12F/8-11, 19-23; 14F/5-8, 10-13, 19-22, 27-30, 34-37, 43-47, 53-55).  This evidence demonstrates that the claimant remained capable of performing work at the light exertional level with occasional climbing of ramps and stairs but no climbing of ladders, ropes, or scaffolds; frequent balancing and stooping; and occasional kneeling, crouching, and crawling during the relevant period.
>
> Despite her catastrophizing through content, anxious or depressed mood and affect, and strained interpersonal relationships persisting, the claimant's symptoms generally remained stable with medication and she had normal speech with no suicidal thoughts, psychosis, overt delusions.  The claimant reported that her relationship had improved with increased communication and decreased arguments.  Additionally, while Dr. Sulier determined that the claimant had impaired concentration and memory, her other examiners observed that her attention, concentration, and memory were intact. (e.g. Exs. 4F/1-8, 12, 14-16; 5F/2-5; 10F/19-24, 28, 30, 35-36; 13F/1-3, 6-19, 24; 14F/5-8, 10-13, 27-30, 32-37, 43-47, 53-55).   This evidence establishes that the claimant remained capable of understanding, remembering, and carrying out

simple instructions with occasional interactions with supervisors and coworkers, no interactions with the public or work requiring teamwork, no fast-paced assembly line work, and occasional changes in a routine work setting during the relevant period.

(AR 27-28.)

Contrary to Plaintiff's argument, the ALJ did not wholly reject Plaintiff's subjective complaints or associated limitations. Rather, the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's subjective complaints, including medical evidence and activities of daily living. (AR 22-28.) Such reasoning is legally sufficient. See Carmicle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"); see also Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

Accordingly, the ALJ did not err in her analysis of Plaintiff's subjective complaints.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED. It is FURTHER ORDERED that judgment be entered in favor of Defendant Commissioner of Social Security and against Plaintiff Michelle Christine Bowen. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:    **February 3, 2026**    _____

STANLEY A. BOONE
United States Magistrate Judge

12